UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KATHLEEN MCCAULEY, Individually and                    Case No: 2:24-cv-04943-HG
On behalf of her IRA

**ANSWER**

        Plaintiff,

       -against-

VINCENT J. CAMARDA, JAMES E. MCGARTHUR,
WINDSOR CAPITAL FUND, LLC, WINDSOR
CAPITAL FUND MANAGER, LLC and AG
MORGAN FINANCIAL ADVISORS, LLC

        Defendants.
-------------------------------------------------------------X

      Vincent J. Camarda, James E. McGarthur, Windsor Capital Fund, LLC, Windsor Capital

Fund Manager, LLC and AG Morgan Financial Advisors, LLC (the "Answering "Defendant") by

their attorneys Berger, Fischoff, Shumer, Wexler & Goodman, LLP, as and for their Answer to the

Complaint ("Complaint") filed by Kathleen McCauley ("Plaintiff"), responds as follows:

      1.     Deny the allegations set forth in paragraph "1" of the Complaint.

      2.     Admit the allegations set forth in paragraph "2" of the Complaint for the purpose

of jurisdiction and venue only.  Defendants deny the remaining allegations set forth in paragraph

"2" of the Complaint.

      3.     Admit the allegations set forth in paragraph "3" of the Complaint for the purpose

of jurisdiction and venue only.  Defendants deny the remaining allegations set forth in paragraph

"3" of the Complaint.

      4.     Deny knowledge and information sufficient to form a belief as to the truth or falsity

of the allegations contained in paragraph "4" of the Complaint.

5.      Deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "5" of the Complaint.

6.      Admit the allegations set forth in paragraph "6" of the Complaint.

7.      Deny the allegations set forth in paragraph "7" of the Complaint.

8.      Admit the allegations set forth in paragraph "8" of the Complaint.

9.      Deny the allegations set forth in paragraph "9" of the Complaint.

10.     Admit the allegations set forth in paragraph "10" of the Complaint.

11.     Admit the allegations set forth in paragraph "11" of the Complaint.

12.     Admit the allegations set forth in paragraph "12" of the Complaint.

13.     Deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "13" of the Complaint.

14.     Admit the allegations set forth in paragraph "14" of the Complaint.

15.     Deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "15" of the Complaint.

16.     Deny the allegations set forth in paragraph "16" of the Complaint.

17.     Deny the allegations set forth in paragraph "17" of the Complaint.

18.     Deny the allegations set forth in paragraph "18" of the Complaint.

19.     Admit the money was wired but denies the balance of the allegations set forth in paragraph "19" of the Complaint.

20.     Deny each and every allegation contained in paragraph "20" of the Complaint and refer the Court to the documents referenced therein.

21.     Deny the allegations set forth in paragraph "21" of the Complaint.

22.     Deny each and every allegation contained in paragraph "22" of the Complaint and refer the Court to the documents referenced therein.

23.     Deny the allegations set forth in paragraph "23" of the Complaint.

24.     Deny the allegations set forth in paragraph "24" of the Complaint.

25.     Deny the allegations set forth in paragraph "25" of the Complaint.

26.     Deny the allegations set forth in paragraph "26" of the Complaint.

27.     Admit the allegations set forth in paragraph "27" of the Complaint.

28.     In responding to the allegations contained in paragraph "28" of the Complaint, Defendants refer the Court to the documents referenced therein.

29.     Admit that emails were exchanged but deny the balance of the allegations set forth in paragraph "29" of the Complaint.

30.     Admit to receiving a formal demand but deny the balance of the allegations set forth in paragraph "30" of the Complaint.

31.     Admit the allegations set forth in paragraph "31" of the Complaint.

32.     Deny the allegations set forth in paragraph "32" of the Complaint.

33.     Deny each and every allegation contained in paragraph "33" of the Complaint and refer the Court to the documents referenced therein.

34.     Admit the allegations set forth in paragraph "34" of the Complaint.

35.     Deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "35" of the Complaint.

36.     In response to the allegations contained in paragraph "36" of the Complaint, Defendants refer the Court to the Complaint herein.

37.     Deny the allegations set forth in paragraph "37" of the Complaint.

38.     Admit the allegations contained in paragraph "38" of the Complaint.

39.     Deny the allegations set forth in paragraph "39" of the Complaint.

40.     Deny the allegations set forth in paragraph "40" of the Complaint.

41.     In response to paragraph "41" of the Complaint, repeat and reiterate each admission and denial set forth in response to paragraphs "1" through "40" of the Complaint as if fully set forth herein.

42.     Deny the allegations set forth in paragraph "42" of the Complaint.

43.     Deny the allegations set forth in paragraph "43" of the Complaint.

44.     In response to paragraph "44" of the Complaint repeat and reiterate each admission and denial set forth in response to paragraphs "1" through "43" of the Complaint as if fully set forth herein.

45.     Deny the allegations set forth in paragraph "45" of the Complaint.

46.     Deny the allegations set forth in paragraph "46" of the Complaint.

47.     In response to paragraph "47" of the Complaint, repeat and reiterate each admission and denial set forth in response to paragraphs "1" through "46" of the Complaint as if fully set forth herein.

48.     Deny the allegations set forth in paragraph "48" of the Complaint.

49.     Deny the allegations set forth in paragraph "49" of the Complaint.

50.     Deny the allegations set forth in paragraph "50" of the Complaint.

51.     In response to paragraph "51" of the Complaint, repeat and reiterate each admission and denial set forth in response to paragraphs "1" through "50" of the Complaint as if fully set forth herein.

52.     Deny the allegations set forth in paragraph "52" of the Complaint.

53.     Deny the allegations set forth in paragraph "53" of the Complaint.

54.     Deny the allegations set forth in paragraph "54" of the Complaint.

55.     In response to paragraph "55" of the Complaint, repeat and reiterate each admission and denial set forth in response to paragraphs "1" through "54" of the Complaint as if fully set forth herein.

56.     Deny the allegations set forth in paragraph "56" of the Complaint.

57.     In response to paragraph "57" of the Complaint, repeat and reiterate each admission and denial set forth in response to paragraphs "1" through "56" of the Complaint as if fully set forth herein.

58.     Deny the allegations set forth in paragraph "58" of the Complaint.

59.     In response to paragraph "59" of the Complaint, repeat and reiterate each admission and denial set forth in response to paragraphs "1" through "58" of the Complaint as if fully set forth herein.

60.     Deny the allegations set forth in paragraph "60" of the Complaint.

61.     Deny the allegations set forth in paragraph "61" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Defendants acted at all times in good faith and/or did not know, and in the exercise of reasonable care could have known, or had any reasonable grounds to believe, that any misstatements or omissions of material fact existed in any statements, reports and/or filings allegedly issued or uttered by Defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants cannot be maintained because the conduct alleged in the Complaint was not intentional, was believed to be lawful, proper, and fair, and was the result of mistake of fact or mistake of law.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants cannot be maintained because the alleged acts and/or omissions complained of, if any, were due to the fault of persons, factors, and circumstances presently unknown to Defendants, over which they exercised no control, and for whose actions they were not responsible.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants cannot be maintained because superseding or intervening events, not caused by Defendants, caused some or all of the alleged damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant are barred, in whole or in part, because any and all purported statements and/or actions attributed to Defendants were immaterial.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Additional facts may be revealed by future discovery which support additional affirmative defenses presently available to, but unknown to, Defendants.  Therefore, Defendants

reserve the right to assert additional defenses in the event that investigation and discovery

indicate that additional defenses are appropriate.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate damages.

WHEREFORE, Answering Defendants demand that an order be entered dismissing

Plaintiff's Complaint in its entirety, together with costs and disbursements, and such other and

further relief as this court deems just and proper.

Dated: Syosset, New York
       August 27 2024

Berger, Fischoff, Shumer, Wexler &
Goodman, LLP

By: _____
    Heath S. Berger, Esq.
6901 Jericho Turnpike, Suite 230
Syosset, New York 11791
(516) 747-1136