UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

KATHLEEN MCCAULEY §
§
Plaintiff, §
§
v. §
§
§ Civil Action No. 24-cv-04943-NJC
§
VINCENT J. CAMARDA, JAMES E. §
MCGARTHUR, WINDSOR CAPITAL §
FUND, LLC, et. al. §
§
Defendants. §
§

## CONFIDENTIALITY STIPULATION

Plaintiff Kathleen McCauley and Defendants Vincent J. Camarda, James E. McGarthur, Windsor Capital Fund, LLC, Windsor Capital Fund Manager, LLC, and AG Morgan Financial Advisors, LLC (each a "Party" and together, the "Parties") and Non-Party Texas Capital Bank stipulate that disclosure and discovery activity in this action involves production of confidential, sensitive, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted. Accordingly, this stipulation ("Stipulation") regarding such information is justified in this matter:

- to expedite the flow of information;

- to facilitate the prompt resolution of disputes over confidentiality of discovery materials;

- to adequately protect information the Parties and non-parties are entitled to keep confidential;

- to ensure that the Parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial;

- to address the handling of confidential materials at the end of the litigation; and

- to serve the ends of justice.

This Stipulation does not confer blanket protections on all disclosures of

responses to discovery, and the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to be treated as confidential.

The Parties and Non-Party Texas Capital Bank stipulate to the following:

**1.  Confidential Information**

"Confidential Information" means any information of any type, kind, or character that is designated as "Confidential" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during discovery, or otherwise.

**2.  Qualified Persons**

"Qualified Persons" means:

- a. retained counsel for the Parties in this litigation and their respective staff;

- b. actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of Parties or affiliates of Parties) who, prior to any disclosure of Confidential Information to such person, have signed a document agreeing to be bound by the terms of this Stipulation;

- c. the Court and its staff and any other tribunal, special master, or dispute resolution officer duly appointed or assigned in connection with this litigation;

- d. litigation vendors, court reporters, video camera operators, translators, and other litigation support personnel;

- e. Each Party, if it is a natural person, or if the Party is an entity, such officers or employees of the Party who are actively involved in the prosecution or defense of this case who, prior to any disclosure of Confidential Information to such person, have signed a document agreeing to be bound by the terms of this Stipulation;

- f. jury and trial consultants and their staff and mock jurors who have signed a document agreeing to be bound by the terms of this Stipulation;

    g.    any person who was an author, addressee, or intended or authorized recipient of the Confidential Information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential Information but not retain a copy.

    h.    Such other person as the Court may designate after notice and an opportunity to be heard.

For purposes of subsection 2(b), the attorney who retains or designates such persons shall maintain the signed certifications of those persons.

**3.    Designation Criteria**

    a.    *Confidential Information.* A party or other producing person shall designate as Confidential only such information that the party or other producing person in good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Confidential.

Information and documents that may be designated as Confidential include, but are not limited to, trade secrets, banking records and information, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth herein, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

Correspondence and other communications between the Parties or with nonparties may be designated as Confidential Information if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

    b.    *Non-Confidential Information.* Confidential Information shall not include information that either:

        i.    is in the public domain at the time of disclosure, as evidenced by a written document;

        ii.    becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

        iii.    the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

        iv.    lawfully comes into the recipient's possession subsequent to the

time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

4. **Use of Confidential Information**

All Confidential Information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms of this Stipulation.

5. **Marking of Documents**

Documents provided in this litigation may be designated by the producing person or by any party as containing Confidential Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential." The designation should be made in a fashion or form that is conspicuous yet allows the Confidential Information to remain legible. In lieu of marking the original of a document, if the original is not provided, the designating party or other producing person may mark the copies that are provided. Originals shall be preserved for inspection.

6. **Disclosure at Depositions**

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party or the nonparty or the nonparty's employer as containing Confidential Information by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Stipulation.

Any party, the non-party deposed, or the non-party's employer also may designate information disclosed at a deposition as Confidential Information by notifying all Parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Confidential Information thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy of the transcript in that party's possession, custody, or control. All deposition transcripts shall be treated as Confidential for a period of 30 days after initial receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as containing Confidential Information with blank, consecutively numbered pages being provided in a non-designated main

transcript. The separate transcript containing Confidential Information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Confidential Information pursuant to this Stipulation but such right of exclusion shall be applicable only during periods of examination or testimony during which Confidential Information is being used or discussed.

### 7. Disclosure to Qualified Persons

a. *To Whom*. Information designated as Confidential shall be restricted in circulation to Qualified Persons described in subparagraph 2. Confidential Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction. But if a disclosure is compelled by law or court order, the receiving party will notify the designating party or non-party as promptly as practicable (if at all possible, before making such disclosure). The designating party may seek a protective order or confidential treatment of such information or cooperate with the party or non-party to protect the information.

b. *Retention of Copies During This Litigation*. Any documents designated as containing Confidential Information that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Confidential Information may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

c. Each Party's outside counsel shall maintain a log of all copies of documents designated as Confidential that are delivered to Qualified Persons.

### 8. Unintentional Disclosures

Documents unintentionally produced without designation as containing Confidential Information later may be designated and shall be treated as containing Confidential Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Confidential Information, the party shall immediately upon learning of such disclosure inform the producing party or non-party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

### 9. Documents Produced for Inspection Prior to Designation

In the event documents are produced for inspection prior to designation, the documents shall be treated as containing Confidential Information during inspection. At the time of copying for the receiving Parties, Confidential Information shall be marked prominently "Confidential," by the producing party or non-party.

### 10. Consent to Disclosure and Use in Examination

Nothing in this Stipulation shall prevent disclosure beyond the terms of this Stipulation if each party or non-party designating the information as Confidential Information consents to such disclosure or if the Court, after notice to all affected Parties and nonparties, orders such disclosure. Nor shall anything in this Stipulation prevent any counsel of record from utilizing Confidential Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Confidential Information, irrespective of which party or non-party produced such information.

### 11. Challenging the Designation

a.   *Confidential Information.* A party shall not be obligated to challenge the propriety of a designation of Confidential Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Confidential Information, the Parties and any designating non-party shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Stipulation by objecting in writing to the party or non-party who designated the document or information as Confidential Information. The designating party or non-party shall then have 14 days to move the Court for an order preserving the designated status of the disputed information. The disputed information shall remain Confidential Information unless the Court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Confidential Information.

b.   *Qualified Persons.* In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Confidential Information to such person, the Parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 21 days from the date of the designation or, in the event particular Confidential Information is requested subsequent to

the designation of the Qualified Person, 21 days from service of the request to move the court for an order denying the disputed person (a) status as a Qualified Person, or (b) access to particular Confidential Information. The objecting party shall demonstrate that disclosure to the disputed person would expose the objecting party or a third party to a substantial risk of harm. Upon the timely filing of such a motion, no disclosure of Confidential Information shall be made to the disputed person unless the Court enters an order preserving the designation.

### 12. Manner of Use in Proceedings

In the event a party wishes to use any Confidential Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party or non-party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the Court consistent with the sealing requirements of the Court.

Nothing in this Stipulation shall limit the Parties' rights or ability to offer evidence at a hearing or trial. The manner of using any Confidential Information at a hearing or trial and the status of Confidential Information resulting from any such use will be determined by the Court.

### 13. Return of Documents

Not later than 120 days after conclusion of this litigation and any appeal related to it, any Confidential Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2 shall be returned to the producing party or non-party or destroyed, except as the Court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Confidential Information.

### 14. Advice to Clients

This Stipulation shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of Confidential Information produced or exchanged under the terms of this Stipulation; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Confidential Information produced by another party or non-party if such disclosure would be contrary to

the terms of this Stipulation.

### 15. Duty to Ensure Compliance

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Stipulation and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Stipulation.

### 16. Waiver

Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work-product protection is waived by disclosure connected with this litigation.

### 17. Modification and Exceptions

The Parties, with Non-Party Texas Capital Bank as to documents and information produced by it, may by stipulation provide for exceptions to this Stipulation and any Party may seek an order of the Court modifying this Stipulation.

The foregoing is acknowledged, agreed, and stipulated by the following Parties and Non-party Texas Capital Bank as of April 3, 2025, as evidenced by the signature of their undersigned counsel.

*Timothy J. Dennin*
Timothy J. Dennin, Esq.
Timothy J. Dennin, P.C.
Counsel for Plaintiff
316 Main Street
Northport, New York 11768

**Counsel for Plaintiffs**

Jennifer Vilca, Esq.
Berger, Fishoff, Schumer, Wexler & Goodman, LLP
6901 Jerico Turnpike, Suite 230
Syosset, New York 11791

**Counsel for Defendants**

_____
Kyle Owens, Esq.
Bradley Arant Boult Cummings LLP
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202

**Counsel for Non-Party Texas Capital Bank**