# Frost & Miller, LLP
260 Madison Avenue, 20th Floor
New York, New York 10016
Tel: (646) 597-6277
January 15, 2026

*VIA ECF*
Honorable Nusrat J. Choudhury
United States District Court, EDNY
100 Federal Plaza, Courtroom 1040
Central Islip, NY 17722

Re: <u>McCauley v. Camarda, et al.</u>, Case No. 2:24cv04943 NJC-ST

Dear Judge Choudhury:

We submit this letter on behalf of our client, Anthony Zingarelli, in response to the Court's order of January 10, 2026 (the "Order").

The Amended Complaint arises out of a securities offering issued by Defendant Windsor Capital Fund, LLC ("Windsor") pursuant to an offering memorandum (the "Offering") (Am. Comp. ¶13). The Amended Complaint asserts two claims for fraud. One arising under Section 10(b) of the Securities Exchange Act of 1934, 15U.S.C 78j (b) ("Section 10(b)") and Rule 10b-5, 17C.F.R. §240.10b-5 ("Rule 10b-5") and the other under principles of common law. The fraud claims are based upon misrepresentations and omissions of material fact made by the Defendants other than Zingarelli ("AGM Defendants") to Plaintiff to induce her to invest in the Offering (the "Investment").

The Amended Complaint does not allege that Zingarelli had any role, or participated, in the Offering or drafting of the documents related to the Offering. Unlike the AGM Defendants, Zingarelli did not speak with, correspond or interact with Plaintiff. He never met the Plaintiff and was not aware of her existence when she made the Investment. Paragraph 41 of the Amended Complaint specifically states that Plaintiff did not have any dealings with Zingarelli. Plaintiff also does not allege that Zingarelli acted in any way that caused Plaintiff to make her Investment. Nor did Zingarelli have any knowledge of the AGM Defendants alleged fraudulent conduct.

Plaintiff, however, attempts to tie Zingarelli to the AGM Defendants' fraudulent conduct by alleging that Plaintiff's Investment was transferred to a Texas bank account controlled by Zingarelli and from that account, Zingarelli transferred funds to five bank accounts at the First National Bank of Long Island controlled by the AGM Defendants purportedly to launder these funds. This is the essence of Plaintiff's conspiracy claim against Zingarelli.

The conspiracy claim fails as a matter of law, is inadequately pled and defies logic. First, there is no private right of action for conspiracy to commit fraud under Section 10(b) and Rule 10b-5. *Dinsmore v. Squadron, Ellenoff, Plesent, Sheinfel & Sorkin*, 135 F.3d 837, 839 (2d Cir. 1998); *SEC v. Norton*, 21 F.Supp.2d 361, 364 (SDNY 1998). A private litigant also cannot maintain an action for aiding and abetting fraud under Section 10(b) and Rule 10b-5. *Central Bank, N.A. v. First Interstate Bank, N.A.*, 511 U.S. 164, 191 (1994). Further, under New York law, liability for aiding and abetting a securities fraud violation requires the alleged aider and abettor to have actual knowledge of the fraud and provide intentional, substantial assistance in advancing the fraud's commission. Substantial assistance is determined by whether the alleged aider and

abettor's actions proximately caused the harm on which the primary fraud liability is based. *Krys v. Pigott,* 749 F.3d 117, 127-28 (2d Cir. 2014); *Filler v. Hanvit Bank,* 156 Fed. Appx 413, 417 (2d Cir. 2015); *In re Optimal U.S. Litig,* 813 F. Supp.2d 351, 381-82 (SDNY 2011). Plaintiff cannot meet these requirements. Zingarelli did not have knowledge of the Plaintiff or Defendants' fraudulent actions to induce her to make the Investment. He did not assist the AGM Defendants in connection with causing Plaintiff to invest in the Offering.

The Court has asked us to address whether, under New York law, a civil conspiracy claim requires that all alleged conspirators be liable for the underlying tort of fraud. The Order cites *Generation Next Fashions Ltd. v JP Morgan Chase Bank,* N.A. 698 F.Supp 3d 663, 688 (SDNY 2023). However, that case provides little guidance on this issue. In that case, the court dismissed the conspiracy claim because all the underlying tort claims were dismissed and New York does not recognize conspiracy as an independent cause of action.

In the Second Circuit, civil-conspiracy liability for fraud requires actual knowledge of, and intentional participation in, the underlying fraudulent acts. *Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.,* 331 F. Supp. 3d 221, 245-46 (SDNY 2018). Under this standard, Plaintiff's conspiracy claim against Zingarelli cannot be sustained because Plaintiff cannot plausibly allege that Zingarelli had knowledge of the AGM Defendants' fraudulent acts to induce her Investment. Zingarelli also did not have any dealings with Plaintiff and did not take any actions intentionally or otherwise to induce her Investment. The Amended Complaint lacks allegations to draw a contrary conclusion. Equally significant, Zingarelli's alleged conspiratorial misconduct was both unrelated and subsequent to the AGM Defendants' fraudulent acts that led to Plaintiff's Investment.

The Plaintiff's conspiracy claim also fails because it is not properly pleaded. The purported conspiracy claim simply parrots the required four elements of a conspiracy (Am. Comp. ¶68). No detail, particularity, or specificity is alleged as to any of these elements as required. *See, e.g., Bigio v. Coca-Cola Co.,* 675 F.3d 163, 176 (2d Cir. 2012); *Dwares v. City of N.Y.,* 985 F.2d 94, 100 (2d. Cir. 1993). For example, the conspiracy claim should set forth the parties to the agreement when and where it was made and the substance of the Agreement. *See Dwares,* 985 F.2d at 100.

Moreover, the allegations of the Amended Complaint contradict the factual basis of the conspiracy claim. Contrary to paragraph 47 of the Amended Complaint, Plaintiff never received Plaintiff's Investment in the Offering. Paragraphs 22, 43 and 52 of the Amended Complaint evidence that the Plaintiff's Investment was deposited into bank accounts controlled by the AGM Defendants. The AGM Defendants converted the funds to their own use before transferring them. Additionally, the funds were not deposited into or transferred out of Zingarelli's personal account. Rather, the funds moved through an account held by Millenium Holdings Limited, LLC ("Millenium"), a separate legal entity. Plaintiff fails to make allegations sufficient to permit the Court to pierce Millenium's corporate veil and hold Zingarelli personally liable. To assert a claim for piercing the corporate veil under New York law, a plaintiff must plead specific facts demonstrating: (1) that the defendant exercised complete domination and control over the corporation, and (2) that such domination was used to commit a fraud or wrong that resulted in injury to the plaintiff. Conclusory allegations of control or domination are insufficient--the complaint must include specific factual allegations supporting these elements. *Shetel Indus. LLC v. Adin Dental Implant Sys.,* 493 F. Supp.3d 64, 134 (EDNY 2020). No such allegations are present in the Amended Complaint.

    The assertion that Zingarelli's alleged involvement was intended to launder Plaintiff's Investment is baseless. Money laundering refers to the illegal practice of obscuring the criminal origin of funds to give the appearance of legitimate provenance. *United States v. Thorn*, 659 F.3d 227, 231-32 (2d Cir. 2011). Because Plaintiff's Investment came from a lawful source, her 401-K, there was no conceivable reason to launder the funds. This renders the claimed conspiracy agreement a sham and unsustainable. The monies sent to Millenium's bank account by Windsor and later disbursed by Millenium to accounts of the AGM Defendants were part of a series of loans and repayments of those loans to Millenium. Including borrowing funds to pay off prior debt. Zingarelli can establish proof of these loans and repayments.

    The Amended Complaint does not allege sufficient factual matter to make the conspiracy claim against Zingarelli plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Transhorn Ltd. v. United Techs. Corp.*, 502 F.3d 47 (2d Cir. 2007).

    We thank the Court for its prompt attention to this matter.

                                                      Respectfully,

                                                      Kenneth N. Miller