# Frost & Miller, LLP

Attorneys at Law
260 Madison Avenue, 20th Floor
New York, New York 10016
Tel: (646) 597-6277

**VIA ECF**

February 5, 2026

Honorable Nusrat J. Choudhury
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1040
Central Islip, New York 17722

Re: <u>McCauley v. Camarda, et al.; Case No. 2:24cv049443 NJC-ST</u>

Dear Judge Choudhury:

    On January 16, 2026, the Court issued a Minute Entry and Scheduling Order (the "Order") on the Court's Docket with respect to the application of our client, Anthony Zingarelli, to file a motion (the "Motion") to dismiss the Amended Complaint (ECF Docket No. 24) pursuant to Rules 12(b)(2) and (6) of the Federal Rules of Civil Procedure on the grounds that this Court lacks personal jurisdiction over Mr. Zingarelli and the claims set forth in the Amended Complaint against him fail to state a claim for relief (ECF Docket No. 29).

    The Order, among other things, provided that Mr. Zingarelli's papers in support of his motion would be filed by February 6, 2026. We fully intend to comply with that deadline. We are writing this letter to seek clarification regarding the Court's Individual Rules regarding the filing of the motion papers. Notwithstanding that we have carefully reviewed the Court's Rules, we still have the following questions as to the filing procedures.

    Although we intend to follow the Court's preferred "bundling" method to file all the papers relating to the Motion pursuant to Rule 5.2.6, we would like to file our Motion papers on February 6, 2026 by the ECF/Pacer System. This will allow us to ensure timely service upon the attorneys for Plaintiff and the other Defendants. In addition, this would allow us to have our memorandum of law on file which is important in the event that Plaintiff decides pursuant to the Order not to oppose the Motion and instead chooses to file a further amendment to her complaint. Mr. Zingarelli's opposition to Plaintiff further amending her complaint is set forth in the Memorandum.

    The offices for the attorneys to be served are a great distance from our offices and serving them personally this Friday to comply with the Court's deadline would be unduly burdensome. Service by overnight courier service would not arrive before the deadline. Further, in reviewing your Rules, we did not see any provisions allowing for service by electronic mail. If we are permitted to serve our motion papers by electronic mail this would provide an alternative to filing them through the ECF/Pacer System.

    One other issue, if we are permitted to serve by using ECF/Pacer would we still be required to file courtesy copies at this time since, as stated, we intend to follow the Court's bundling procedure?

    We thank the Court for its prompt attention to this matter.

Respectfully,

*/s/ Kenneth N. Miller*

Kenneth N. Miller